[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Maryann Brooks (Brooks) has moved for a change of venue from the New London Judicial District to the Hartford Judicial District. She claims that under Connecticut General Statutes § 51-345, a case brought by a corporation must be brought in the district where the corporation has an office or the defendant resides. She also claims that the individual plaintiff, Phillip Smith (Smith), resides in Simsbury, which is within the Judicial District of Hartford and that the corporate plaintiff, B.G. Enterprises, Inc. (B.G.), has its office in Farmington, also within the Hartford Judicial District.
Smith claims that he resides in the Town of East Lyme in the New London Judicial District and works at Millstone in Waterford. He claims that he has two residences, a house that he owns in Simsbury and a condominium that he owns in East Lyme. The defendant argues that the corporate plaintiff B.G. must bring the action in the Hartford Judicial District under the statute. CT Page 9077
Connecticut General Statutes § 51-345 states in pertinent part:
 (a) All civil process shall be made returnable . . .
 (3) If either the plaintiff or the defendant are residents of this state, to the judicial district where either the plaintiff or defendant resides . . .
 (c) In all actions by a corporation . . . civil process shall be made returnable . . .
 (1) to the judicial district where the plaintiff has an office or place of business . . .
The court finds these facts to be true. Smith has a residence in both Simsbury and East Lyme. B-G has its office in Farmington. The defendant resides in Collinsville.
Brooks argues that because Smith has a residence in Simsbury and the B-G office is in Farmington, she is entitled to have the action transferred to the Hartford Judicial District. She further claims that the witnesses are all in the Hartford area, and finally, that the only connection to New London is the location of the plaintiff's attorney.
The plaintiff claims that none of Brooks' arguments are based upon the statute which does not distinguish which residence is operable if the plaintiff has more than one as he does here. Nor does the statute consider the question of the residence of an individual plaintiff if that is at a different location from its corporate plaintiff's office. Nor, he argues does the statute require the action to be brought where most of the witnesses reside. In fact, Smith claims his witnesses are in New London.
The court finds that the defendant has failed to cite any case law that supports her arguments. There is no case law or statute that requires the court to decide whether one residence or the other is Smith's primary residence, nor is there any law that would require the plaintiff to bring this action in the judicial district of his primary residence even if that were established. CT Page 9078
A plaintiff's choice of venue should rarely be disturbed.Miller v. United Technologies, Inc., 40 Conn. Sup. 457 (1986);Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981).
As to defendant's claim that the only real connection of this case to New London is the location of the plaintiff's attorney, the court notes that the same might be said of the defendant since her attorney resides in Waterbury, which is close to Hartford, but far from New London.
For the foregoing reasons, the Motion to Change Venue is denied.
HURLEY, J.